IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUEBENA CRANDON, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:12-CV-1155-L-BK |
| § | | |
| DEPARTMENT OF TEXAS § | | |
| WORKFORCE COMMISSION, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the complaint be dismissed for want of jurisdiction.

**I. BACKGROUND**

On April 13, 2012, Plaintiff filed a *pro se* complaint against the Texas Workforce (TWC) Commission "seeking judicial review" because she disagreed with the Commission's decision on her case. (Doc. 3 at 1.) In answer to the Court's questionnaire, Plaintiff confirms that she is seeking judicial review of the March 20, 2012, TWC decision denying unemployment benefits in Case Number 1546699-2. (Doc. 9, ans. 1, 5, and attachment.) The TWC's decision reflects that Plaintiff's employer was the University of Texas Southwestern Medical Center at Dallas and that April 3, 2012, was the last day on which she could timely file an appeal. *Id.* at attachment.[1]

**II. ANALYSIS**

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court

---

[1] On March 28, 2012, Plaintiff filed a *pro se* employment discrimination action against her employer in this Court. *See Crandon v. University of Texas Southwestern Medical Center*, No. 3:12-CV-0929-P-BF (N.D. Tex.) (presently referred to a magistrate judge for screening).

should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. The Court must always construe pleadings filed by *pro se* litigants liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

This case does not present a federal question. Plaintiff concedes that she is seeking judicial review of the TWC's final decision to deny benefits under Chapter 212 of the Texas Unemployment Compensation Act. (Doc. 8, ans. 1, 3, 5.) That statute, however, only permits judicial review by a *state* court action filed in the county of residence within fourteen days of the TWC's final decision. *See* Texas Labor Code Ann. §§ 212.201 and 212.204; *Kelley v. Texas Workforce Com'n*, No. 4:08-CV-1396, 2008 WL 4724428 (S.D. Tex. Oct. 24, 2008) (dismissing for want of jurisdiction a complaint against TWC seeking review of denial of unemployment benefits under the Unemployment Compensation Act).

Likewise, Plaintiff cannot meet the requirements for federal diversity jurisdiction. The diversity statute requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (*citing Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)). The complaint, however, confirms that Plaintiff is a

citizen of the State of Texas and the TWC is a Texas governmental agency. (Doc. 3 at 1.) In addition, Plaintiff has not alleged an amount in controversy. (Doc. 8, ans. 2, 5.)

Accordingly, this case should be dismissed *sua sponte* for lack of subject matter jurisdiction.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** *sua sponte* without prejudice for lack of subject matter jurisdiction.

SIGNED May 17, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE